UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-808-FL

CHARLENE EVERS

        Plaintiff/Claimant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND
RECOMMENDATION

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-22, DE-26] pursuant to Fed. R. Civ. P. 12(c). Claimant Charlene Evers ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial of her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, it is recommended that Claimant's Motion for Judgment on the Pleadings be denied, Defendant's Motion for Judgment on the Pleadings be allowed, and the final decision of the Commissioner be upheld.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability, DIB, and SSI on January 14, 2014, alleging disability beginning November 27, 2013. (R. 200–09). Both claims were denied initially and upon reconsideration. (R. 70–122, 129–46). A hearing before the Administrative Law Judge ("ALJ") was held on February 29, 2016, at which Claimant was

represented by counsel and a vocational expert ("VE") appeared and testified. (R. 29–69). On March 28, 2016, the ALJ issued a decision denying Claimant's request for benefits. (R. 9–28). On July 20, 2016, the Appeals Council denied Claimant's request for review. (R. 1–6). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)–(c) and 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3), 416.920a(e)(3).

In this case, Claimant alleges the following error by the ALJ: failure to consider all of the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) for evaluating subjective complaints. Pl.'s Mem. [DE-23] at 8.

3

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful employment since the alleged onset date. (R. 14). Next, the ALJ determined Claimant had the following severe impairments: degenerative disc disease of the lumbar and cervical spine. (R. 15). The ALJ also found Claimant had nonsevere impairments of psoriasis bilaterally on the posterior of Claimant's elbows and the anterior of her knees, hypertension, high blood pressure, esophageal reflux, chronic pulmonary disease ("COPD"), migraine headaches, nonischemic chest pain with associated anxiety, and rheumatoid arthritis. (R. 15–17). However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform light work[1] with the following limitations:

> [T]he claimant can sit for six hours, as well as stand/walk for six hours in an eight-hour workday. The claimant cannot climb ladders, ropes and scaffolds, but may occasionally climb ramps and stairs. The claimant can occasionally balance on uneven surfaces, crouch, kneel, crawl[,] and stoop. The claimant must not be exposed to vibrations, extreme cold, unprotected heights, or moving mechanical parts. The claimant, after standing or walking for thirty minutes, would need to be able to sit for five minutes; and, after sitting for thirty minutes, the claimant would need to be able to stand for five minutes (all remaining on task).

*Id.*

---

1    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work as an inventory clerk, rental agent, or car cleaner. (R. 21–22). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (R. 22).

## V. DISCUSSION

Claimant contends the ALJ failed to consider all of the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) for evaluating subjective complaints as required, specifically regarding pain medication and the side effects associated with her prescriptions. Pl.'s Mem. [DE-23] at 8. The Commissioner argues that, while Claimant's prescribed medication *may* create some side effects, neither the evidentiary record nor Claimant's testimony indicate that she has actually experienced any of those side effects. Def.'s Mem. [DE-27] at 6. The court agrees with the Commissioner that the ALJ did not err in not considering the side effects of Claimant's medications.

Federal regulation 20 C.F.R. § 404.1529(a) provides the authoritative standard for the evaluation of subjective complaints of pain and symptomology. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under this regulation, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Id.* at 594. First, as an objective matter, the ALJ must determine whether Claimant has a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.*; *see also* S.S.R. 96-7p, 1996 WL 374186, at *2. If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the pain or other symptoms, and the extent to which each

5

affects a claimant's ability to work. *Id.* at 595. Second, the ALJ must consider "all available evidence," including objective medical evidence (i.e., medical signs and laboratory findings), medical history, a claimant's daily activities, the location, duration, frequency, and intensity of symptoms, precipitating and aggravating factors, type, dosage, effectiveness, and *adverse side effects of any pain medication*, treatment, other than medication, for relief of pain or other symptoms and functional restrictions. *Id.*; *see also* 20 C.F.R. § 404.1529(c)(3); S.S.R. 96-7p, 1996 WL 374186, at *3; *Hickman v. Colvin*, No. 4:12-CV-288-FL, 2014 WL 652545, at *6 (E.D.N.C. Feb. 19, 2014) (holding that the ALJ's failure to recognize and address the effects of the claimant's medication "represent[ed] a violation of her fundamental duty to consider all the relevant evidence in the case" and constituted error requiring remand).

Claimant alleges she suffers from chronic pain resulting from multiple physical disorders, including back and neck pain. (R. 18). She takes Percocet, a narcotic pain reliever, two to four times per day, and Neurontin, an anti-epileptic, for nerve damage, numbness, and tingling. (R. 44, 48). She also testified that she had taken Lorcet 10/650, also a narcotic pain reliever, four times a day during the periods of September 2011, July 2013, and April 2014. Pl.'s Mem. [DE-23] at 9. Claimant argues that her medications have side effects, including ataxia, dizziness, drowsiness, and fatigue. *Id.* Based on these side effects, Claimant contends that, by virtue of taking these medications, her RFC should be reduced to only unskilled work, negating the applicability of her transferable skills. *Id.* Claimant posits that it is error for the ALJ not to have considered the potential side effects associated with her medications, irrespective of the fact that she has never complained of experiencing these side effects. *Id.* at 10. Neither Claimant's testimony nor the evidentiary medical records indicate any subjective complaints related to ataxia, dizziness, drowsiness, or fatigue. Claimant interprets *Craig v. Chater* and 20 C.F.R. §

6

404.1529(c)(3) to require ALJs to consider *all possible* adverse side effects to medications, rather than just those adverse side effects that have subjectively manifested in the particular claimant, and argues that failure to consider these possible effects is error requiring remand. The court disagrees with this interpretation.

Cases analyzing 20 C.F.R. § 404.1529 typically involve claimants with subjective complaints of adverse side effects who argue the ALJ failed to consider actual as opposed to potential effects in the decision. *See, e.g., McBride-Meyers v. Berryhill*, No. 16-CV-5696 (RLE), 2017 WL 4386374 (S.D.N.Y. Sept. 29, 2017) (finding the ALJ did err by not inquiring about the side effects of claimant's medications, including fatigue, dizziness and nausea, which were complained of in both her medical records and in her testimony); *Larson v. Colvin*, No. 1:13-CV-659-HZ, 2014 WL 1877406 (D. Or. May 7, 2014) (finding the ALJ did not err in refusing to consider medication side effects in his RFC when Plaintiff had complained of side effects to her physicians, but stated in several disability-related documents that these medications caused no side effects); *Critch v. Barnhart*, No. Civ.A. 03-12540-PBS, 2005 WL 662422, at *8 (D. Mass. Mar. 15, 2005) ("When the fuzziness caused by those medications is considered in combination with the undisputed significant visual and auditory cognitive deficits caused by the operation, and the depression, there is no substantial medical support in the record for the ALJ's decision to discount claimant's subjective symptoms as 'moderate.'"). This case is distinguishable because Claimant is not complaining that the ALJ failed to consider *her actual* side effects, but rather that the ALJ failed to consider all *possible* side effects. *See Nelson v. Berryhill*, No. 5:15-CV-85, 2017 WL 1234065, at *6 (W.D. Va. Mar. 31, 2017) (rejecting argument that the ALJ erred to consider medication side effects where the claimant submitted literature that discussed potential side effects, but no medical provider documented observations of side effects in the treatment

7

notes and the claimant only once reported her medication made her sleepy); *Smith v. Astrue*, No. 1:11-CV-300, 2012 WL 3155621, at *5 (W.D.N.C. June 29, 2012) (rejecting argument that the ALJ erred to consider medication side effects where the claimant failed to specify what side effects she suffered and how those side effects limited her ability to work), *adopted by* 2012 WL 3151373 (Aug. 2, 2012). This argument does not align with the case law, and, accordingly, the court finds no error in the ALJ's failure to discuss side effects unsupported by the record.

## VI. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Claimant's Motion for Judgment on the Pleadings [DE-22] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-26] be ALLOWED, and the final decision of the Commissioner be affirmed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 20, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described**

above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, the 6th day of November 2017.

Robert B. Jones, Jr.
United States Magistrate Judge